■ In the Matter of JJRB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [610 NYS2d 195] —Determination of the respondent New York State Liquor Authority, dated February 24, 1993, suspending for 15 days the petitioner's on-premises liquor license with $1,000 bond forfeiture, which was transferred to this Court by order of the Supreme Court, New York County (William J. Davis, J.), entered May 25, 1993, pursuant to CPLR 7803 (4) and 7804 (g), is unanimously reversed, on the law and facts, and the matter remanded to the respondent for further proceedings, without costs or disbursements.

At the hearing, it was brought out that Police Officer John Orosz, was only days away from his twenty-first birthday

when he went into petitioner's premises. He testified he ordered a "drink" for which he paid. However, the officer could not recall *what* the drink was which he ordered or which was served to him or even how much he paid for it. Further, the officer was not asked whether he tasted the "drink", what container or bottle it was poured from or even if the officer knew *what* an alcoholic beverage tasted or looked like.

We find, therefore, from perusal of the complete record, that the determination of the respondent that an underage police officer purchased an alcoholic beverage at the subject premises was not sustained by substantial evidence at the hearing. "A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based" *(Matter of Stork Rest. v Boland,* 282 NY 256, 273-274).

Accordingly, we grant the petition to the extent of annulling and vacating the determination of the respondent and the penalty imposed, and remand for such further proceedings as necessary. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.